■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CABAN, Appellant. [877 NYS2d 403]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Grosso, J.), dated January 30, 2007, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At the hearing held pursuant to the Sex Offender Registration Act (hereinafter SORA) to redetermine the defendant's risk level (*see* Correction Law § 168-a *et seq.*), the Supreme Court properly assessed the defendant 20 points under risk factor 5 because the victim was between 11 and 16 years old (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]) and 20 additional points under risk factor 6 because the victim was asleep at the beginning of the incident and therefore was "physically helpless" (*id.* at 11; *see* Penal Law § 130.00 [7]; *People v Bush,* 57 AD3d 1119 [2008], *lv denied* 12 NY3d 756 [2009]; *People v Ramirez,* 53 AD3d 990, 990-991 [2008]; *People v Davis,* 51 AD3d 442 [2008]; *People v DeCicco,* 38 AD3d 937 [2007]; *People v Vaughn,* 26 AD3d 776, 776-777 [2006]; *People v Greene,* 13 AD3d 991, 992 [2004]; *People v Sensourichanh,* 290 AD2d 886 [2002]). Inasmuch as the victim's physical helplessness was not the result of, or in any way connected with, her age, assessing points in both categories did not constitute impermissible double counting (*see People v Davis,* 51 AD3d at 442; *cf.* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 11 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.