People v Smith (2016 NY Slip Op 07171)





People v Smith


2016 NY Slip Op 07171


Decided on November 2, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 2, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2015-08680

[*1]People of State of New York, respondent,
v
Kareem Smith, appellant.


Clare J. Degnan, White Plains, NY (Jacqueline F. Oliva of counsel; Michael Chiaramonte on the brief), for appellant.
James A. McCarty, Acting District Attorney, White Plains, NY (Laurie Sapakoff and Steven Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), entered July 18, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n[3]). Here, the County Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal
is not required (see People v Uphael, 140 AD3d 1143; People v Eaton, 105 AD3d 722, 723; People v Finizio, 100 AD3d 977).
The County Court properly assessed 20 points against the defendant under risk factor 6, as the People established, by clear and convincing evidence, that the victim was drugged and asleep at the beginning of the incident and, therefore, was physically helpless (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]; Penal Law § 130.00[7]; People v Duff, 96 AD3d 1031; People v Rhodehouse, 88 AD3d 1030, 1031-1032; People v Caban, 61 AD3d 834; People v Davis, 51 AD3d 442). Contrary to the defendant's contention, since the victim's physical helplessness was not the result of, or in any way connected with, her age, assessing points under both risk factors 5 and 6 did not constitute double counting (see People v Caban, 61 AD3d at 835; People v Ramirez, 53 AD3d 990, 990-991).
The People established, by clear and convincing evidence, that the defendant and the victim met for the first time on the night of the crime, and therefore were strangers within the meaning of SORA (see People v Palacios, 137 AD3d 761, 762; People v Mabee, 69 AD3d 820). Thus, the County Court properly assessed 20 points against the defendant under risk factor 7.
Further, the People presented clear and convincing evidence that the defendant did [*2]not genuinely accept responsibility for his conduct and minimized his behavior, thus warranting the assessment of 10 points under risk factor 12 for not accepting responsibility (see People v Stapleton, 125 AD3d 951; People v Johnson, 118 AD3d 684).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841). Here, since the defendant failed to identify any appropriate mitigating factor which would warrant a downward departure from his presumptive designation as a level three sex offender, his request for a downward departure was properly denied (see People v Wise, 127 AD3d 834).
Accordingly, the County Court properly designated the defendant a level three sex offender.
BALKIN, J.P., HALL, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court