■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO VELASCO, Appellant. [46 NYS3d 663]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated June 8, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Insofar as relevant here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Jackson*, 139 AD3d 1031, 1031 [2016]; *People v Rukasov*, 132 AD3d 748, 748 [2015]).

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (*People v Finizio*, 100 AD3d 977, 978 [2012]; *see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). Here, contrary to the defendant's contention with respect to the only risk factor he challenges on appeal, the People presented clear and convincing evidence that he engaged in oral sexual conduct (*see* Penal Law § 130.00 [2] [a]) with the complainant, thus warranting the assessment of 25 points under risk factor 2 (*see People v Vevgas*, 83 AD3d 921, 922 [2011]; *People v King*, 74 AD3d 1162, 1163 [2010]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.