Appeal by the defendant from an order of the Supreme Court, Richmond County (Ozzi, J.), dated April 29, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The defendant appeals from an order, made after a hearing, designating him a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). On appeal, he argues that the Supreme Court should not have assessed points against him under risk factors 6, 11, and 12, and should have granted his application for a downward departure from his presumptive risk level.
 

 The Supreme Court properly assessed points against the defendant under risk factors 6, 11, and 12. The defendant’s contention that the assessment of points under risk factor 6 constituted improper double counting as it was duplicative of the points assessed under risk factor 5 is unpreserved for appellate review, because he did not raise this contention at the hearing (see People v Hyams, 134 AD3d 687 [2015]; People v Brown, 131 AD3d 520, 521 [2015]), and, in any event, is without merit. “Contrary to the defendant’s contention, since the victim’s physical helplessness was not the result of, or in any way connected with, her age, assessing points under both risk factors 5 and 6 did not constitute double counting” (People v Smith, 144 AD3d 652, 653 [2016]; see People v Caban, 61 AD3d 834, 835 [2009]). Further, the court properly assessed 15 points against the defendant under risk factor 11, since the People established, by clear and convincing evidence, that the defendant had a history of drug or alcohol abuse (see People v Dallas, 122 AD3d 698, 699 [2014]). Additionally, the court properly assessed 15 points against the defendant under risk factor 12, since the People established, by clear and convincing evidence, that the defendant refused to participate in treatment (see People v Guichardo, 146 AD3d 910, 911 [2017]).
 

 The Supreme Court properly denied the defendant’s application for a downward departure from his presumptive risk level. The defendant’s prior criminal history was adequately taken into account under risk factor 9 (see People v Maldonado, 147 AD3d 798, 800 [2017]; People v Torres, 124 AD3d 744, 745-746 [2015]). The defendant failed to demonstrate that his age at the time of the SORA determination resulted in the over-assessment of his risk to public safety, and, thus, he did not meet his burden of establishing that this mitigating circumstance actually existed {see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]; People v Rocano-Quintuna, 149 AD3d 1114, 1115 [2017]). The defendant’s contention that his victim’s gender constituted a mitigating factor warranting a downward departure is unpreserved for appellate review, since he did not raise that ground at the hearing (see People v Jara, 150 AD3d 1159 [2017]; People v Destio, 145 AD3d 1047, 1048 [2016]), and, in any event, is without merit.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.