Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated September 21, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The Supreme Court properly denied the defendant’s request for a downward departure to a risk level two designation. A defendant seeking a downward departure from his or her presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861 [2014]; People v Anderson, 151 AD3d 767 [2017]; People v Wyatt, 89 AD3d 112, 128 [2011]).
 

 Although “advanced age” may constitute a basis for a downward departure (see Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 57 years old, would, in and of itself, reduce his risk of reoffense (see People v Alvarez, 153 AD3d 645 [2017]; People v Garcia, 144 AD3d 650, 651 [2016]; People v Santiago, 137 AD3d 762, 764-765 [2016]; People v Shelton, 126 AD3d 959, 960 [2015]). The remaining circumstances identified by the defendant at the hearing did not constitute appropriate mitigating factors because they did not tend to establish a lower likelihood of reoffense (see People v Wyatt, 89 AD3d at 121). Accordingly, the Supreme Court properly denied the defendant’s request for a downward departure and designated him a level three sex offender.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.