People v Joseph (2018 NY Slip Op 05064)





People v Joseph


2018 NY Slip Op 05064


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-07202

[*1]People of State of New York, respondent,
v
Stephen Joseph, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated June 21, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order, made after a hearing, designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA).
Contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 11 of the risk assessment instrument, since the People established, by clear and convincing evidence, that the defendant had a history of drug or alcohol abuse (see People v Dipilato, 155 AD3d 792, 793; People v Dallas, 122 AD3d 698, 699). Further, the defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise these grounds at the SORA hearing (see People v Figueroa, 138 AD3d 708, 709). In any event, we agree with the County Court's determination that the defendant was not entitled to a downward departure (see People v Destio, 145 AD3d 1047, 1048; People v Quinones, 138 AD3d 1082, 1083).
Accordingly, the defendant was properly designated a level two sex offender.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court