People v Lewis (2019 NY Slip Op 04429)





People v Lewis


2019 NY Slip Op 04429


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-13472

[*1]People of State of New York, respondent,
v
Timothy Lewis, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Zara Feingold on the brief), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Kathleen Halliday on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated December 11, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2002, the defendant was convicted, after a jury trial, of rape in the first degree (Penal Law § 130.35[1]), rape in the second degree (Penal Law § 130.30), sexual abuse in the first degree (Penal Law § 130.65[1]), and endangering the welfare of a child (Penal Law § 260.10[1]). Approaching his release from imprisonment, the Board of Examiners of Sex Offenders assessed the defendant a total of 80 points on the risk assessment instrument (hereinafter RAI), making him a presumptive level two sex offender. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk level and adjudicated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a [*2]downward departure was warranted. "Although advanced age' may constitute a basis for a downward departure" (People v Munoz, 155 AD3d 1068, 1069), the defendant failed to demonstrate that his age at the time of the SORA hearing, 47 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Tromba, 157 AD3d 915, 916; People v Munoz, 155 AD3d at 1069; People v DeJesus, 127 AD3d 1047, 1047; People v Shelton, 126 AD3d 959, 959-960; People v Harris, 93 AD3d 704, 706). While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see People v Torres, 124 AD3d 744, 745-746; People v Migliaccio, 90 AD3d 879, 880), the defendant failed to submit evidence that he completed treatment and that his response to such treatment was exceptional. The defendant's educational and vocational achievements, as well as the support of his family, were adequately taken into account by the SORA Guidelines (see People v MacCoy, 155 AD3d 897, 898; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806).
Accordingly, we agree with the Supreme Court's denial of the defendant's request for a downward departure from his presumptive designation as a level two sex offender.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court