People v Collazo (2020 NY Slip Op 00625)





People v Collazo


2020 NY Slip Op 00625


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-07944

[*1]People of State of New York, respondent, 
v
Steven Collazo, appellant. Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Ruby D. Andrade on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated May 2, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "advanced age" may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 55 years old, would, in and of itself, reduce his risk of reoffending (see People v Kaiser, 168 AD3d 1002, 1003; People v Munoz, 155 AD3d 1068, 1069). Similarly, although a debilitating medical condition may constitute a mitigating factor where it reduces the likelihood of reoffense (see People v Williams, 148 AD3d 540; People v Stevens, 55 AD3d 892), here, the defendant did not demonstrate that his medical conditions would decrease the likelihood of reoffense (see People v Portalatin, 145 AD3d 463). The remaining circumstances identified by the defendant at the hearing did not constitute appropriate mitigating factors because they did not tend to establish a lower likelihood of reoffense (see People v Wyatt, 89 AD3d at 121).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court