People v Khan (2020 NY Slip Op 02484)





People v Khan


2020 NY Slip Op 02484


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06258

[*1]People of State of New York, respondent,
v
Abu Khan, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ronald D. Hollie, J.), dated May 11, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points, presumptively placing him within the range for a level two designation. The defendant contends that the court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
"Correction Law § 168-n(3) requires a court making a risk level determination pursuant to SORA to render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based'" (People v Rodriguez, 170 AD3d 902, 902-903 [citation omitted]; see People v Velasco, 147 AD3d 877; People v Smith, 144 AD3d 652, 652; see also Correction Law § 168-n[3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law underlying its determination with respect to the defendant's request for a downward departure from the presumptive risk level. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Rodriguez, 170 AD3d at 903; People v Mercer, 148 AD3d 1187, 1188; People v Velasco, 147 AD3d at 664; People v Smith, 144 AD3d at 652; People v Barrett, 123 AD3d 783).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk [*2]Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "advanced age" may constitute a basis for a downward departure (People v McClendon, 175 AD3d 1329, 1331; People v Munoz, 155 AD3d 1068, 1069; see Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 51 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Adams, 174 AD3d 828; see People v Lewis, 173 AD3d 784; People v Tromba, 157 AD3d 915; People v Munoz, 155 AD3d at 1069; People v Garcia, 144 AD3d 650). The research studies relied upon by the defendant failed to demonstrate by a preponderance of the evidence that his age constituted a basis for a downward departure (see People v Mitchell, 178 AD3d 865, 866; see also People v Whitney, 168 AD3d 776).
Accordingly, we affirm the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level and designating him a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court