People v Todd (2020 NY Slip Op 05957)





People v Todd


2020 NY Slip Op 05957


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-08903

[*1]People of State of New York, respondent,
v
Keith Todd, appellant. Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (John Latella, J.), dated July 15, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Following a nonjury trial, the defendant was convicted of sodomy in the first degree, course of sexual conduct against a child in the first degree, and endangering the welfare of a child. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's application for a downward departure from the presumptive risk assessment level and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure was warranted. Although "advanced age" may constitute a basis for a downward departure (People v McClendon, 175 AD3d 1329, 1331 [internal quotation marks omitted]; see People v Munoz, 155 AD3d 1068, 1069; Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 53 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Khan, 182 AD3d 613, 614; People v Sawyer, 169 AD3d 840, 840-841; People v Santiago, 137 AD3d 762, 765). Moreover, the defendant's prison record, efforts at self-improvement, and plan for release were adequately taken [*2]into account by the risk assessment instrument (see People v Gillotti, 23 NY3d at 853) and do not warrant a finding that his risk of reoffense has been reduced at this time (cf. People v Davis, 179 AD3d 183, 190-192).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive risk level and to designate him a level three sex offender.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court