People v Reyes (2020 NY Slip Op 07610)





People v Reyes


2020 NY Slip Op 07610


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-06829

[*1]People of State of New York, respondent,
v
Ramses Reyes, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Leslie G. Leach, J.), dated May 10, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 572; People v Wells, 138 AD3d 947, 950).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 6. By submitting the case summary, which referenced the presentence report, the People established, by clear and convincing evidence (see People v Mingo, 12 NY3d at 573), that the victim was intoxicated and "passed out" during the incident and, therefore, was physically helpless (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]; Penal Law § 130.00[7]; People v Morrison, 156 AD3d 831, 831; People v Smith, 144 AD3d 652, 653; People v Wells, 138 AD3d 947, 949-950).
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court