People v Mitchell (2021 NY Slip Op 04244)





People v Mitchell


2021 NY Slip Op 04244


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-11454

[*1]People of State of New York, respondent,
v
Layshawn Mitchell, appellant. Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Matthew C. Harnisch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Leslie G. Leach, J.), dated September 6, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender based upon the assessment of a total of 110 points. On appeal, the defendant challenges the assessment of points under risk factor 1, and argues that the court should have granted his request for a downward departure.
In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 571).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that he used forcible compulsion against the complainant, which supported the assessment of 10 points under risk factor 1 (see Penal Law § 130.00[8]; People v Pearce, 135 AD3d 722).
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances [*2]warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to meet his burden of identifying an appropriate mitigating factor and establishing the facts in support thereof (see People v Wyatt, 89 AD3d at 128). Contrary to the defendant's contention, his scores on Static-99 risk assessment instruments do not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the Static-99 which would serve as a mitigating factor (see People v Vega, 189 AD3d 1288, 1289; People v Desnoyers, 180 AD3d 1080, 1081; People v Curry, 158 AD3d 52, 58). Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 51 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Lewis, 188 AD3d 731, 732; People v Khan, 182 AD3d 613, 614; People v Adams, 174 AD3d 828, 829). Similarly, although a debilitating medical condition may constitute a mitigating factor where it reduces the likelihood of reoffense (see People v Collazo, 179 AD3d 1103, 1104), the defendant did not demonstrate that his medical conditions would decrease the likelihood of reoffense (People v Rivas, 185 AD3d 740, 741; People v Collazo, 179 AD3d at 1104), or that such conditions impaired his sexual functioning (see People v Jimenez, 178 AD3d 1099, 1101). Further, the defendant failed to establish by a preponderance of the evidence an "exceptional" response to treatment (Guidelines at 17) in either a sex offender treatment program (see People v Lazzari, 169 AD3d 837; People v Aller, 164 AD3d 1381; People v Locklear, 154 AD3d 888) or a substance abuse treatment program (see People v Herbert, 186 AD3d 1732, 1733). The remaining circumstances identified by the defendant did not constitute appropriate mitigating factors.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court