People v Forshey (2023 NY Slip Op 00538)

People v Forshey

2023 NY Slip Op 00538

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

114 KA 22-00265

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN C. FORSHEY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (ELIZABETH K. OGDEN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Orleans County Court (Charles N. Zambito, A.J.), entered December 10, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a December 2020 order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that the 2020 SORA hearing was duplicative of a SORA hearing held in 2019 which resulted in a 2019 order determining that he is a level three risk (People v Forshey, 201 AD3d 1352 [4th Dept 2022], lv denied 38 NY3d 907 [2022]), and this Court should therefore vacate the 2020 determination as a matter of public policy. Defendant failed to raise that contention at the 2020 SORA hearing and it is therefore not preserved for our review (see People v Sanchez, 186 AD3d 880, 881 [2d Dept 2020]). In any event, his contention is without merit. In 1994, defendant was convicted in Florida of a felony sex offense and, in 2000, he was convicted in New York of rape in the first degree. The Board of Examiners of Sex Offenders prepared two risk assessment instruments (RAIs) based on the two separate convictions, with the RAI prepared with respect to the New York conviction giving rise to the 2019 order, and the RAI prepared with respect to the Florida conviction giving rise to the 2020 order. Defendant's reliance on People v Cook (29 NY3d 114 [2017]) is misplaced. In that case, the Court of Appeals held that, where "a single set of '[c]urrent offenses' " forms the basis of a single RAI, only one SORA determination is permitted (id. at 116; see id. at 119). Here, defendant's two different convictions do not constitute the "current offenses" under a single RAI. Thus, it is permissible for there to be two different SORA hearings and two different risk level determinations (see Sanchez, 186 AD3d at 881-882; People v Fuentes, 177 AD3d 788, 789 [2d Dept 2019], lv denied 35 NY3d 901 [2020]; People v Hirji, 170 AD3d 412, 412-413 [1st Dept 2019], lv denied 33 NY3d 907 [2019]). The 2020 SORA hearing was "based on a separate RAI and case summary and concerning a different current offense, [and therefore] was not a duplicative proceeding unauthorized by statute" (Fuentes, 177 AD3d at 789).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court