People v Romero (2023 NY Slip Op 01910)

People v Romero

2023 NY Slip Op 01910

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-06444

[*1]The People of the State of New York, respondent,
v
Cristian Romero, appellant. 

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated August 18, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 115 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level three sex offender.
Contrary to the defendant's contention, the assessment of points under risk factor 6 was not the result of, or in any way connected with, the victim's age, and thus, assessing points under both risk factors 5 and 6 did not constitute double counting (see People v Dipilato, 155 AD3d 792, 793; People v Smith, 144 AD3d 652, 653; People v Caban, 61 AD3d 834, 835).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
"The Board [of Examiners of Sex Offenders] or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Thompson, 209 AD3d 1049, 1050; People v Permenter, 208 AD3d [*2]905, 906-907; People v Garner, 163 AD3d 1009, 1009; People v Anderson, 137 AD3d 988; People v Wyatt, 89 AD3d at 129). Here, the defendant failed to demonstrate by a preponderance of the evidence that the victim's lack of consent was due only to her inability to consent by virtue of her age and that the scoring of 25 points under risk factor 2 resulted in an overassessment of his risk to public safety. Moreover, a downward departure is not warranted on this ground considering, inter alia, the age disparity between the then 22-year-old defendant and the then 13-year-old victim (see People v Permenter, 208 AD3d at 907; People v Blount, 195 AD3d 956, 957; People v Lin, 188 AD3d 1109, 1110; People v Garner, 163 AD3d at 1009; People v Anderson, 137 AD3d at 988).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level three sex offender.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court