People v Lundy (2024 NY Slip Op 00440)

People v Lundy

2024 NY Slip Op 00440

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-08297

[*1]The People of the State of New York, respondent,
v
Kasiem Lundy, appellant.

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated November 12, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant pleaded guilty in Pennsylvania to indecent assault (see 18 Pa Cons Stat § 3126[a][3]). Upon his relocation to New York, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), which presumptively classified the defendant a level two sex offender. At the SORA hearing, the defendant sought a downward departure from his presumptive risk level designation. The Supreme Court denied the downward departure application, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112,128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6 [2006] [hereinafter Guidelines]; People v Medina, 209 AD3d 775,776). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Collazo, 179 AD3d 1103, 1104; see People v Pou, 206 AD3d 766, 767).
Here, the defendant's low score on the Static-99R risk assessment instrument did not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific individual risk factor in that instrument which would serve as a mitigating factor (see People v Mitchell, 196 AD3d 516, 517; People v Desnoyers, 180 AD3d 1080, 1081).
Further, although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines, here, the defendant, who spent only approximately 15 months at liberty prior to the SORA hearing, failed to demonstrate by a [*2]preponderance of the evidence that this period of time at liberty without reoffense established a lower likelihood of reoffense or danger to the community (see People v Flores-Hernandez, 219 AD3d 1533, 1534).
As the defendant otherwise failed to demonstrate the existence of any mitigating factors which tended to establish a lower likelihood of reoffense or danger to the community (see People v Radley, 217 AD3d 795), the Supreme Court properly denied the downward departure application and designated the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court