People v Storch (2025 NY Slip Op 04114)

People v Storch

2025 NY Slip Op 04114

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05969

[*1]The People of the State of New York, respondent,
v
David Storch, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Anne B. Bianchi, J.), dated June 12, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 75 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from his presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, the County Court properly denied the defendant's application for a downward departure. The purported mitigating factors consisting of the defendant's lack of a disciplinary record while incarcerated and his participation in sex offender treatment were adequately taken into account by the Guidelines (see People v Hernandez, 225 AD3d 903, 904; People v Pareja-Hidalgo, 222 AD3d 892, 893). "Moreover, although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish that his response to such treatment was exceptional" (People v Saunders, 209 AD3d 776, 778 [citations, alterations, and internal quotation marks omitted]; see People v Pareja-Hidalgo, 222 AD3d at 893-894).
"Although advanced age may constitute a basis for a downward departure, an offender must demonstrate that advanced age at the time of the SORA determination resulted in the overassessment of the offender's risk to public safety" (People v Infantino, 215 AD3d 768, 770). Here, the defendant failed to establish how his age at the time of the SORA hearing, 66 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Johnson, 232 AD3d 812, 812-813; People v Infantino, 215 AD3d at 770).
Finally, contrary to the defendant's contention, the record demonstrates that the County Court did not violate the defendant's due process rights (see Correction Law § 168-n[3]; People v Worley, 40 NY3d 129, 131).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court