People v Washington

2026 NY Slip Op 02159

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Charles Washington, Defendant-Appellant.

Decided and Entered: April 09, 2026

Ind No. 4179/82||Appeal No. 6334|Case No. 2019-03941|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Nao Terai of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 30, 2019, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Although defendant presented evidence that he was legally blind, which was not accounted for by the risk assessment instrument, he presented no evidence that such impairment was linked to a reduced risk of recidivism (cf. People v Sanchez, 186 AD3d 880, 882-883 [2d Dept 2020]; People v Davis, 179 AD3d 183, 189 [2d Dept 2019]). Defendant's educational and vocational efforts in prison, and his contributions to the church, are commendable, but they do not present mitigating circumstances not already taken into account by the risk assessment instrument (see People v Cabrera-Fernandez, 242 AD3d 553 [1st Dept 2025]; see People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). In any event, even if we were to consider the mitigating factors set forth by defendant, the totality of circumstances does not warrant a departure to level one. Defendant's criminal history includes a sex offense against a minor, whom he raped while threatening her with a weapon. "Even if defendant is less likely to reoffend, a downward departure is unwarranted due to the magnitude of harm that would result if he did reoffend" (People v Martinez, 244 AD3d 423, 423 [1st Dept 2025] [internal quotation marks omitted]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026