People v Desnoyers (2020 NY Slip Op 01370)





People v Desnoyers


2020 NY Slip Op 01370


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2013-02826

[*1]People of State of New York, respondent,
v
Andrew Desnoyers, appellant. Janet E. Sabel, New York, NY (Lawrence T. Hausman of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel; Michael Heller on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michelle A. Armstrong, J.), dated February 11, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 125 points, which is within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level three sexually violent offender (see Correction Law §§ 168-a[7][b]; 168-n). On appeal, the defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant did not demonstrate grounds for a downward departure from his presumptive risk level. An offender's response to treatment, if exceptional, can form the basis for a downward departure (see Guidelines at 17; see also People v Washington, 84 AD3d 910, 911). While the defendant demonstrated that he participated and progressed in sex offender and substance abuse treatment, he failed to establish by a preponderance of the evidence that his response to such [*2]treatment was exceptional (see People v Brunjes, 174 AD3d 747, 748; People v Boutin, 172 AD3d 1253).
Further, the defendant's score on the Static-99 and Vermont Assessment of Sex Offender Risk, which are risk assessment tools different from New York's risk assessment instrument (see People v Curry, 158 AD3d 52, 60), does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Santos, 174 AD3d 658, 659). Moreover, to the extent an offender may rely on individual risk factors in those instruments to demonstrate that he or she is at a lower risk of reoffense or poses less of a danger to the community, the defendant speaks only in general terms and fails to identify any specific risk factors in those instruments (see People v Curry, 158 AD3d at 61).
The defendant's contention that he is at a lower risk of reoffense because he committed the crimes to which he pleaded guilty while he was an adolescent is without merit. An offender's age of 20 or younger at the time of the commission of the first sex offense is taken into account by the Guidelines (see Guidelines at 13) and deemed to be an aggravating factor rather than a mitigating factor (see People v Adams, 174 AD3d 828, 829; People v Brunjes, 174 AD3d at 748). In any event, the defendant's contention is belied by the facts, as he continued offending into adulthood.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from the presumptive risk level.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court