People v Leung (2021 NY Slip Op 08207)





People v Leung


2021 NY Slip Op 08207


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-08741

[*1]People of State of New York, respondent,
v
Kevin Leung, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoeppp-Wong of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Alan Marrus, J.), dated June 29, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 150 points, within the range for a presumptive designation as a level three sex offender. The court denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level three sex offender.
On appeal, the defendant challenges the assessment of points under risk factor 1 for use of a dangerous instrument, claiming he did not know his codefendant used a gun to threaten the victim. This contention is unpreserved for appellate review, since it was not raised at the SORA hearing (see People v Avalo, 186 AD3d 754). In any event, the deduction of these points would leave the defendant with sufficient points to render him presumptively a level three sex offender. Therefore, this issue is academic (see People v Grubert, 160 AD3d 993).
The defendant also challenges the denial of his application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate that a downward departure was warranted. [*2]The completion of educational programs and other accomplishments while in prison is generally insufficient for a downward departure from a defendant's presumptive risk level, since such conduct is taken into account in the points assessment where the defendant is not assessed additional points for conduct while confined (see People v Santos, 174 AD3d 658). Since there was no evidence that the defendant's response to sex offender treatment was exceptional, his completion of sex offender treatment was not a ground for a downward departure (see People v Desnoyers, 180 AD3d 1080).
Nor was the defendant's age of 45 years at the time of the SORA hearing a ground for a downward departure (see People v Munoz, 155 AD3d 1068). Further, the defendant's score on the Static-99R risk assessment instrument, which was not entirely favorable, did not warrant a downward departure from his presumptive risk level (see People v Jimenez, 178 AD3d 1099).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court