People v Holloway (2021 NY Slip Op 02183)





People v Holloway


2021 NY Slip Op 02183


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2013-10777

[*1]People of State of New York, respondent,
v
Tommie Holloway, appellant. Janet E. Sabel, New York, NY (Elizabeth B. Emmons of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated November 7, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges his presumptive risk level designation and the denial of his application for a downward departure from his presumptive risk level.
The assessment of 100 points was established by clear and convincing evidence. The fact that the defendant's prior conviction of a violent felony was not recent was taken into account in the points assessment (see People v Gulifield, 174 AD3d 751, 752).
In this case, there was no evidence that the defendant's response to sex offender treatment was exceptional. Accordingly, the defendant's application for a downward departure from his presumptive risk level on that basis was properly denied (see People v Desnoyers, 180 AD3d 1080). Further, the defendant's age at the time of the SORA hearing was not a ground for a downward departure (see People v Munoz, 155 AD3d 1068), and his relationship with the victim was taken into account in the points assessment.
The defendant's remaining contention is without merit.
Accordingly, the defendant was properly designated a level two sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court