People v Sanchez-Jimenez (2022 NY Slip Op 00323)





People v Sanchez-Jimenez


2022 NY Slip Op 00323


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-00976

[*1]The People of the State of New York, respondent,
v
Alexander Sanchez-Jimenez, appellant.



Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Jacob Aboodi on the brief), for respondent.
Janet E. Sabel, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne Melendez, J.), dated December 20, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points on the risk assessment instrument, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender. On appeal, the defendant challenges the denial of his request for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from his or her presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating favor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In this case, the defendant either failed to establish by a preponderance of the evidence the grounds asserted for a downward departure from his presumptive risk level (see People v Mitchell, 196 AD3d 516, 518; People v Nicholson, 195 AD3d 758; People v Bigelow, 175 AD3d 1443; People v Santiago, 137 AD3d 762, 765), or cited factors already taken into account by the Guidelines (see People v Peoples 189 AD3d 1282, 1283; People v Rivas, 185 AD3d 740, 741; People v Santiago, 137 AD3d at 764). Accordingly, the Supreme Court properly denied the [*2]defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court