People v Cervantes-Diaz (2022 NY Slip Op 05868)

People v Cervantes-Diaz

2022 NY Slip Op 05868

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-07195

[*1]People of State of New York, respondent,
v
Mauro Cervantes-Diaz, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated August 10, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (see People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contentions, he failed to make the initial twofold showing, as he failed to establish facts in support of the existence of a mitigating factor for a downward departure from his presumptive risk level (see People v Grunwald, 201 AD3d 825, 825-826; People v Sanchez-Jimenez, 201 AD3d 826, 827).
The defendant's remaining contention is without merit.
Accordingly, the County Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court