People v Davison (2023 NY Slip Op 00448)

People v Davison

2023 NY Slip Op 00448

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-06381

[*1]The People of the State of New York, respondent,
v
Darnell J. Davison, appellant. Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated July 22, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after trial, of two counts of rape in the first degree, two counts of criminal sexual act in the first degree, sexual abuse in the first degree, and two counts of rape in the third degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk assessment level of two and designated him a level two sex offender. On appeal, the defendant challenges the denial of his request for a downward departure.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Del-Carmen, 186 AD3d 878, 878, quoting People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Del-Carmen, 186 AD3d at 878).
Here, the defendant failed to establish that a downward departure was warranted. While "[a]n offender's response to treatment, if exceptional, can form the basis for a downward departure" (People v Jimenez, 178 AD3d 1099, 1100), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Leung, 191 AD3d 1023; People v Desnoyers, 180 AD3d 1080; People v Jimenez, 178 AD3d 1099).
The defendant further either failed to establish by a preponderance of the evidence that his stated mitigating factors established a lower likelihood of reoffense or danger to the community (see People v Medina, 180 AD3d 818, 819; People v Saintilus, 169 AD3d 838, 839), or [*2]cited factors already taken into account by the Guidelines (see People v Sanchez-Jimenez, 201 AD3d 826; People v Leung, 191 AD3d 1023).
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court