People v Musmacker (2023 NY Slip Op 00682)

People v Musmacker

2023 NY Slip Op 00682

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-00701

[*1]The People of the State of New York, respondent,
v
Robert Musmacker, appellant. 

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated December 1, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2010, the defendant was convicted, upon his plea of guilty, of reckless endangerment in the first degree (nine counts) (Penal Law § 120.25), criminal sexual act in the third degree (six counts) (id. § 130.40[2]), endangering the welfare of a child (six counts) (id. § 260.10[1]), and several traffic violations. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 135 points, resulting in his presumptive designation as a level three sex offender. The court further determined that, based upon the defendant's prior felony sex crime conviction, the defendant was appropriately designated as a presumptive level three sex offender pursuant to an automatic override (see People v Jones, 196 AD3d 515). The defendant did not object to the determination of his presumptive risk level, but sought a downward departure from the presumptive risk level, arguing that his age at the time of the SORA hearing, his achievement of a GED while incarcerated, and his positive response to sex offender treatment constituted mitigation of his risk to reoffend. The court, in effect, denied the defendant's request for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure was warranted. Although advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Munoz, 155 AD3d 1068, 1069), the defendant failed to demonstrate that his age at the time of the SORA hearing, 48 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Leung, 191 AD3d 1023, 1024; People v Lewis, 173 AD3d 784, 785-786; People v Munoz, 155 AD3d at 1069). While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see Guidelines at 17; People v Torres, 124 AD3d 744, 746), the defendant failed to submit evidence that he completed treatment and that his response to such treatment was exceptional (see People v Centeno, 210 AD3d 812, 814; People v Lewis, 173 AD3d at 786). The defendant also failed to submit evidence of his educational achievements while incarcerated and, in any event, such a factor was adequately taken into account by the Guidelines (see People v Leung, 191 AD3d at 1024; People v Santos, 174 AD3d 658, 659).
Since the defendant failed to demonstrate mitigating factors, not adequately taken into account by the Guidelines, which tended to establish a lower likelihood of reoffense or danger to the community, the Supreme Court properly, in effect, denied the defendant's request for a downward departure and designated him a level three sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court