People v Blackman (2023 NY Slip Op 03933)

People v Blackman

2023 NY Slip Op 03933

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-04495

[*1]The People of the State of New York, respondent, 
v
Anthony Blackman, appellant. 

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Morgan Czarnik of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated May 17, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2001, the defendant was convicted, after trial, of rape in the first degree, sodomy in the first degree, and burglary in the second degree. Following a hearing to determine the defendant's presumptive risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level three sex offender based upon the assessment of 115 total points. On appeal, the defendant contends that he should not have been assessed 15 points under risk factor 9, or, alternatively, that he should be granted a downward departure from the presumptive risk level.
The defendant was properly assessed 15 points under risk factor 9 for his conviction of a prior nonviolent felony. The People established the facts underlying the assessment of those points by adducing clear and convincing evidence that the defendant had a prior conviction in Alabama for burglary, which constituted a felony in that state. That evidence consisted of the case summary produced by the Board of Examiners of Sex Offenders, criminal history records from Alabama, and the defendant's admission at the SORA hearing (see People v Mingo, 12 NY3d 563, 573; People v Barry, 213 AD3d 779). Further, as the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006; hereinafter Guidelines) do not define the term "felony," in deciding whether a prior crime or offense qualifies as a felony for the purposes of risk factor 9, the County Court was not limited to crimes or offenses defined as felonies under the New York Penal Law (see People v Zelaya, 176 AD3d 1126, 1127).
The defendant's contention that a downward departure is warranted based on mitigating factors is unpreserved for appellate review because he did not request a downward departure at the SORA hearing (see People v Jackson, 209 AD3d 881, 882; People v Bigelow, 175 AD3d 1443). In any event, the purported mitigating factors identified by the defendant, including his completion of prison programs and acceptance of responsibility and remorse, were adequately taken into account by the Guidelines (see People v Gilloti, 23 NY3d 841, 861; People v Young, 186 [*2]AD3d 1546, 1548).
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court