People v Coley (2024 NY Slip Op 00201)

People v Coley

2024 NY Slip Op 00201

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-05548 
2022-05549

[*1]The People of the State of New York, respondent, 
v
Eeryn Coley, appellant. 

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Semyon Davydov of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Toni M. Cimino, J.), dated April 20, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C with respect to Indictment No. 1436/97, and (2) an order of the same court, also dated April 20, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C with respect to Indictment No. 3254/01.
ORDERED that the orders are affirmed, without costs or disbursements.
In 1998, the defendant was convicted, after a jury trial, of, inter alia, rape in the first degree and robbery in the second degree under Indictment No. 1436/97. In 2002, the defendant was convicted, upon his plea of guilty, of, among other crimes, rape in the first degree and robbery in the first degree under Indictment No. 3254/01. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument (hereinafter RAI) with respect to Indictment No. 1436/97, and 125 points on the RAI with respect to Indictment No. 3254/01. The court denied the defendant's requests for downward departures from his presumptive risk levels in both proceedings, and designated him a level two sex offender with respect to Indictment No. 1436/97, and a level three sex offender with respect to Indictment No. 3254/01. The defendant challenges the assessment of 30 points under risk factor 1 (armed with a dangerous instrument) with respect to Indictment No. 3254/01, as well as the court's denials of his requests for downward departures with respect to both indictments.
Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 1 for being armed with a dangerous instrument with respect to Indictment No. 3254/01. "Facts . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (People v Bonds, 207 AD3d 666, 666 [internal quotation marks omitted]; see Correction Law §§ 168-d[3]; 168-n[3]). The People presented clear and convincing evidence that the defendant entered a plea of guilty to the allegation that he put "what appeared to be a handgun" to the victim's neck during the commission of the offense. The defendant's display of a handgun and threat to use it is clear and convincing evidence that the gun was a dangerous instrument (see People v Pettigrew, 14 NY3d 406, 409; People v [*2]Bonds, 207 AD3d at 666-667).
Departures are "the exception, and not the rule" (People v Abdullah, 210 AD3d 704, 705 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). When a defendant seeks a downward departure from the presumptive risk level, he or she has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish his entitlement to a downward departure because he failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Davison, 213 AD3d 702, 703; People v Leung, 191 AD3d 1023, 1024; People v Jimenez, 178 AD3d 1099, 1100-1101), or that his age at the time of the SORA determination, 45 years old, resulted in an overassessment of his dangerousness and risk of sexual recidivism (see People v Jimenez, 178 AD3d at 1101; People v Saintilus, 169 AD3d 838, 839; People v Benoit, 145 AD3d 687, 688). The defendant's other purported mitigating factors were adequately taken into account by the Guidelines (see Guidelines at 13, 15; People v Blackman, 218 AD3d 804, 805; People v Smith, 194 AD3d 767, 768; People v Curry, 158 AD3d 52, 62).
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court