People v Moore (2024 NY Slip Op 01942)

People v Moore

2024 NY Slip Op 01942

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00261

[*1]The People of the State of New York, respondent, 
v
Paul Moore, appellant.

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Craig S. Walker, J.), entered December 14, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of rape in the first degree, upon his plea of guilty, in violation of Penal Law § 130.35(1) (hereinafter the sex offense). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 90 points, resulting in a presumptive risk level two designation. However, the court granted the People's application for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
"A reviewing court's departure from the presumptive risk level is generally the exception, not the rule" (People v Thurmond, 210 AD3d 1022, 1023; see People v Howard, 27 NY3d 337, 341). Where the People seek an upward departure, they must "identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence. If the People meet this burden, the court must then exercise its discretion by weighing the aggravating and any mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Samuels, 199 AD3d 1034, 1035 [alterations, citation, and internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861).
Here, the Supreme Court properly departed from the presumptive risk level and designated the defendant a level three sex offender. Contrary to the defendant's contentions, the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the Guidelines, including evidence that the defendant committed violent felonies after his commission of the sex offense (see People v Williams, 186 AD3d 883, 884-885). These circumstances tended to show that the defendant presented an increased risk to public safety (see Guidelines at 19; People v Amorin, 164 AD3d 1483, 1484). These aggravating factors were not [*2]offset by any mitigating factor. Although the defendant participated in a sex offender treatment program, his response to treatment was not deemed exceptional (see Guidelines at 17; People v Davison, 213 AD3d 702, 703).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the People's application for an upward departure and designated the defendant a level three sex offender.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court