People v Bell (2025 NY Slip Op 02092)

People v Bell

2025 NY Slip Op 02092

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2015-02965

[*1]The People of the State of New York, respondent,
v
Joshua Bell, appellant.

Twyla Carter, New York, NY (Megan Taeschler of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Richard W. Helms of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Suzanne Mondo, J.), dated April 2, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points on the risk assessment instrument (hereinafter RAI), rendering him a presumptive level three sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender. The defendant appeals.
The defendant's contentions regarding the assessment of points under risk factors 4 (duration of offense conduct with victim) and 12 (acceptance of responsibility) on the RAI are unpreserved for appellate review, as he failed to raise these contentions at the SORA hearing (see People v Desir, 224 AD3d 707, 707; People v Infantino, 215 AD3d 768, 769-770), and we decline to exercise our interest of justice jurisdiction to reach them (see People v Butler, 157 AD3d 727, 730).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant did not demonstrate grounds for a downward departure from the [*2]presumptive risk level. The defendant's score on alternate risk assessment instruments that differ from New York's RAI (see People v Curry, 158 AD3d at 60) does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Desnoyers, 180 AD3d 1080, 1081; People v Santos, 174 AD3d 658, 659). Moreover, to the extent an offender may rely on individual risk factors in those instruments to demonstrate that he or she is at a lower risk of reoffense or poses less of a danger to the community, the defendant fails to identify any specific risk factors in those instruments that could qualify as a mitigating factor (see People v Colon, 186 AD3d 1730, 1731; People v Desnoyers, 180 AD3d at 1081; People v Curry, 158 AD3d at 62).
The defendant's further contention that he is entitled to a downward departure based upon his participation in alcohol and substance abuse treatment is unpreserved for appellate review, as he failed to raise this contention at the SORA hearing (see People v Santos, 235 AD3d 788; People v Hernandez, 225 AD3d 903, 904). In any event, this contention is without merit (see People v McClendon, 175 AD3d 1329, 1331).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court