People v Jerome (2025 NY Slip Op 03667)

People v Jerome

2025 NY Slip Op 03667

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

535884
[*1]The People of the State of New York, Respondent,
v
Terrence Jerome, Appellant.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Albany County (William Little, J.), entered June 17, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 1995, following instances of sexual misconduct over multiple years, defendant pleaded guilty to rape in the first degree, two counts of sodomy in the first degree and use of a child less than 16 years of age in a sexual performance. This guilty plea was in full satisfaction of two separate indictments as well as an unrelated sexual abuse in the first degree charge in City Court for sexual misconduct that occurred in 1992 involving a second victim. In anticipation of his release from prison in 2022, the Board of Examiners of Sex Offenders notified defendant that he was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C), and the Board prepared a case summary and risk assessment instrument that assessed him 125 points, which presumptively classified him a risk level three sex offender, with which the People agreed. Following a hearing, County Court classified defendant as a risk level two sex offender (105 points) — based upon its assessment of 10 points under risk factor 1 (use of violence), 25 points under risk factor 2 (sexual contact with the victim), 20 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victim), and 20 points under risk factor 13 (conduct while confined/supervised). County Court also denied defendant's request for a downward departure and designated defendant a sexually violent offender. Defendant appeals.
As an initial matter, defendant's contention that County Court erred in assessing him points under risk factors 1 and 13 is academic, as even eliminating the 30 points at issue would not affect defendant's presumptive risk level classification (see People v Schultz, 234 AD3d 1143, 1144 [3d Dept 2025]; People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]). Defendant contends that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. In seeking a downward departure, it is a defendant's burden to "(1) identify[ ], as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Risk Assessment] Guidelines; and (2) establish[ ] the facts in support of its existence by a preponderance of the evidence" (People v Roubik, 231 AD3d 1210, 1212 [3d Dept 2024] [internal quotation marks and citations omitted]). Upon such a showing, "the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Jones, 226 AD3d 1265[*2], 1267 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 907 [2024]; see People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]).
Defendant avers that his successful completion of sex offender treatment while incarcerated constitutes a mitigating factor not adequately accounted for in the guidelines. We disagree. "Defendant's participation in sex offender treatment was taken into account as he was not assessed points under risk factor 12 (acceptance of responsibility) and consequently does not constitute a mitigating factor" (People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024] [citations omitted]; see People v McDermott, 230 AD3d 1484, 1486 [3d Dept 2024]). Moreover, "[s]ince there was no evidence that . . . defendant's response to sex offender treatment was exceptional, his completion of sex offender treatment was not a ground for a downward departure" (People v Leung, 191 AD3d 1023, 1024 [2d Dept 2021], lv denied 37 NY3d 910 [2021]; see People v Salerno, 224 AD3d at 1017). Accordingly, County Court properly declined defendant's request for a downward departure from the presumptive risk level two classification.
Egan Jr., J.P., Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.