People v Evans (2025 NY Slip Op 05976)

People v Evans

2025 NY Slip Op 05976

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-00219

[*1]The People of the State of New York, respondent,
v
Arsenio Evans, appellant. 

Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated January 5, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C).
Contrary to the defendant's contention, he was properly assessed 15 points under risk factor 9 of the risk assessment instrument (hereinafter RAI) and 10 points under risk factor 10 of the RAI for his prior conviction in Pennsylvania of a crime that is a felony in that state (see People v Blackman, 218 AD3d 804, 805; People v Zelaya, 176 AD3d 1126, 1127). Since the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) do not define the term "felony," "in deciding whether a prior crime or offense qualified as a felony for the purposes of risk factors 9 and 10, the Supreme Court was not limited to crimes or offenses defined as felonies under the New York Penal Law" (People v Zelaya, 176 AD3d at 1127; see People v Blackman, 218 AD3d at 805).
Contrary to the defendant's contention, the Court of Appeals' decision in People v Perez (35 NY3d 85) did not abrogate this Court's holding in People v Zelaya. In Perez, the defendant had been previously convicted of lewdness in the fourth degree in New Jersey, and the issue was whether that conviction was properly used to support the assessment of 30 points under risk factor 9 of the RAI, which provides that a defendant should be assessed 30 points where the defendant has a previous conviction of "endangering the welfare of a child" (Guidelines at 13). The Perez Court held that in determining whether an out-of-state conviction of a crime that is not labeled endangering the welfare of a child constitutes a conviction of endangering the welfare of a child so as to warrant the assessment of 30 points under risk factor 9, courts should apply the "essential elements" test, by comparing the conduct underlying the foreign conviction to the New York offense of endangering the welfare of a child (People v Perez, 35 NY3d at 92-95). Perez does not speak to the issue of whether the term "felony" as used in risk factors 9 and 10 refers only to crimes that would constitute a felony in New York.
Further, the defendant was properly assessed 10 points under risk factor 12 for not genuinely accepting responsibility for his conduct (see Guidelines at 15-16; People v Cotugno, 224 AD3d 786, 786; People v MacCoy, 155 AD3d 897, 898).
The Supreme Court also properly denied the defendant's application for a downward departure from his presumptive risk level. The defendant failed to establish the existence of any mitigating factors not adequately taken into account by the Guidelines (see People v Stafford, 240 AD3d 718, 719; People v Mierisch, 239 AD3d 776, 778).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court