People v Eastwood (2026 NY Slip Op 00538)

People v Eastwood

2026 NY Slip Op 00538

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
HELEN VOUTSINAS
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2025-02982

[*1]The People of the State of New York, respondent,
vRay Eastwood, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Christopher Kelly of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (Hyun Chin Kim, J.), dated January 30, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of five counts of assault in the first degree (Penal Law § 120.10[3], [4]), two counts of aggravated sexual abuse in the second degree (id. § 130.67[1][a]), one count of aggravated criminal contempt (id. § 215.52), one count of unlawful imprisonment in the first degree (id. § 135.10), and one count of resisting arrest (id. § 205.30).
After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 60 points on the risk assessment instrument. The court also applied an automatic override based on the defendant's infliction of serious physical injury, which is an element of assault in the first degree (Penal Law § 120.10[3], [4]), resulting in a presumptive designation as a level three sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), and the designation of the defendant as a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, a downward departure from his presumptive risk level was not warranted. "'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Cronin, 235 AD3d 914, 914 [internal quotation marks omitted], quoting People v Medina, 209 AD3d 775, 776). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (id. at 914-915 [internal quotation marks omitted], quoting People v Medina, 209 AD3d at 776). Here, the mitigating circumstances alleged by the defendant, including his behavior while incarcerated, which included his good behavior commendations and successful [*2]completion of programs and services, do not warrant a downward departure (see People v Bonet, 225 AD3d 633, 635; People v Pareja-Hidalgo, 222 AD3d 892; People v Musmacker, 213 AD3d 784, 786).
The defendant's remaining contentions are without merit.
Accordingly, the County Court properly designated the defendant a level three sex offender.
LASALLE, P.J., VOUTSINAS, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court